UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY RODRIGUEZ,

                                Plaintiff,

         - v -                                          Civ. No. 9:06-CV-1288
                                                       (DNH/RFT)

GLENN S. GOORD; RONALD BACKE, *Legislation Dept*.;
THOMAS EGAN, *Director of Grievance*;
BELLING, D.S.S., *Auburn Correctional Facility*;
LESTER WRIGHT, *Chief Medical Examiner*;
JOHN NUTTAL, *Deputy Commissioner of Programs*;
RICHARD LAUX, *P.A., Medical Dept., Auburn*;
HAROLD SMITH, *Director of Mental Health*;
G. McPARTLAND,

                                Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

LARRY RODRIGUEZ
Plaintiff, *Pro Se*
99-A-3278
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ANDREW M. CUOMO                 HEATHER R. RUBINSTEIN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     *Pro se* Plaintiff Larry Rodriguez brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that (1) his cell shield order was unlawfully continued; (2) he was not provided a copy of

the grievance proceedings; (3) he was improperly refused transfer to a mental health hospital; (4) he was not provided adequate religious meals; and (5) the medical staff was deliberately indifferent to his medical needs.  Dkt. No. 1 Compl.; Dkt. No. 5, Am. Compl.  Along with his original Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis* ("IFP"), which was granted by the Court.  Dkt. Nos. 2 & 4. Plaintiff subsequently filed an Amended Complaint pursuant to the Order of the Honorable David N. Hurd, District Court Judge.  Dkt. Nos. 4-5.  Presently before the Court is Defendants' Motion to Revoke Plaintiff's IFP Status and Conditionally Dismiss his Amended Complaint pursuant to 28 U.S.C. § 1915(g).  Dkt. No. 47.  Plaintiff opposes the Motion.  Dkt. No. 51.  For the reasons that follow, it is recommended that Defendants' Motion be **GRANTED**.

## I.  DISCUSSION

### A.  28 U.S.C. § 1915

Under 28 U.S.C. § 1915, individuals may seek leave of court to pursue their claims without prepayment of fees and costs and proceed with the litigation as a poor person or *in forma pauperis*. 28 U.S.C. § 1915(a)(1).  The IFP statute enables prisoners to similarly apply for this privilege, and indeed, many, if not most, incarcerated individuals bringing civil suits have taken advantage of such opportunity.  *Id.* at § 1915(a)(2).  Also under this statute, a court may *sua sponte* dismiss a case if it determines at any time that such action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  *Id.* at § 1915(e)(2).

Recognizing the potential for prisoner abuse and seeking to relieve congestion of patently frivolous prisoner suits, Congress enacted the Prisoner Litigation Reform Act (PLRA) of 1996,

which renders several restrictions on a prisoner's ability to exploit the justice system.  One such mechanism is the so-called "three-strike rule" which provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Recognizing the legitimate government interests fostered by the PLRA amendments, the Second Circuit has stated that

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing lawsuits.  Indeed, the very nature of incarceration--prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials--has fostered a "'nothing to lose and everything to gain'" environment which allows inmates indiscriminately to file suit at taxpayers' expense.  *See Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (quoting *Jones v. Bales,* 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd,* 480 F.2d 805 (5th Cir. 1973)).

*Nicholas v. Tucker* 114 F.3d 17, 20 (2d Cir. 1997).

In calculating which cases count towards the three strikes rule, a court may look to dismissals which predated the enactment of the PLRA.  *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000).  The Second Circuit has held such a calculation to be proper and constitutional given that the determination to revoke IFP status in no way affects the merits of the prisoner's case, but rather, prevents the inmate from continuing suit without the payment of fees.  *Id.*

### B.  Rodriguez's Three Strikes

Defendants assert that Plaintiff accrued more than three strikes prior to filing the current action on October 23, 2006, and they have directed the Court's attention to several orders of

dismissal entered against Plaintiff in previous lawsuits. In support of their Motion, Defendants have submitted the docket sheets for several actions initiated by Plaintiff. *See* Dkt. No. 47, App. Although copies of the actual decisions of dismissal are the preferred evidence of a potential strike under 28 U.S.C. § 1915(g), docket sheets may also suffice, particularly when, as here, the text accompanying the orders specifies that the dismissals have been made pursuant to 28 U.S.C. § 1915(e)(2). As noted above, under 28 U.S.C. § 1915(e)(2), a court may *sua sponte* dismiss a claim if it is frivolous, malicious, or fails to state a claim. Thus, when a court dismisses a complaint and cites to that statute, it's dismissal must be attributed to one of those deficiencies, which are also listed in 28 U.S.C. § 1915(g). *See, e.g., Chavis v. Curlee*, 2008 WL 508694, at *2 (N.D.N.Y. Feb. 21, 2008). Therefore, the Court takes judicial notice of the facts set forth in the submitted docket reports as they are not subject to "reasonable dispute" in that such information is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b); *Reed v. Alexander*, 2008 WL 3155310, at *1 n.3 (N.D.N.Y. Aug. 4, 2008) (taking judicial notice of an opinion docketed in a Western District of New York case to ascertain facts underlying the *habeas* petitioner's conviction).

We consider the following three cases in which Plaintiff's claims were dismissed after he was granted IFP status. *Rodriguez v. Burges, et al.*, 1:02-cv-4780, a case from the Southern District of New York, was dismissed on June 20, 2002. Dkt. No. 47-6, Dkt. Sheet at Dkt. No. 3. In that case, the district court dismissed the case "pursuant to 1915(e)(2)." *Id.* The district court also stated that "any appeal from this order would not be taken in good faith." *Id.* At the time that action was filed, Plaintiff was an inmate at the Auburn Correctional Facility. Therefore, the dismissal of that action pursuant to 28 U.S.C. § 1915(e)(2) constitutes a strike under § 1915(g).

*Rodriguez v. New York City, et al.*, 1:05-cv-7732, another case from the Southern District of New York, was dismissed on September 2, 2005. Dkt. No. 47-5, Dkt. Rep. at Dkt. No. 3. The district court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) because "it fail[ed] to state a claim on which relief may be granted." *Id.* At the time that action was filed, Plaintiff was incarcerated at Auburn Correctional Facility. *Id.* Thus, this dismissal constitutes a second strike under 28 U.S.C. § 1915(g).

The order of dismissal in *Rodriguez v. New York City, et al.* also stated that "pursuant to 28 U.S.C. § 1915(a)(3) any appeal from the Court's order will not be taken in good faith." *Id.* That order notwithstanding, Plaintiff appealed the dismissal. *Id.* at Dkt. Nos. 5-7. Thereafter, the Second Circuit issued a Mandate on July 26, 2006, denying Plaintiff's appeal "because it lacks an arguable basis in fact or law." *Id.* at Dkt. No. 9 (*citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989) & 28 U.S.C. § 1915(e)). When a district court dismisses a prisoner's claims as frivolous and the circuit court does the same on appeal, both the original filing and the subsequent appeal may count as separate strikes under 28 U.S.C. § 1915(g). *See, e.g., Chavis v. Curlee*, 2008 WL 508694, at *4 n.5 (citing cases).[1] Therefore, Plaintiff's appeal of the district court's dismissal counts as a third strike.

In his response to the Defendants' Motion, Plaintiff makes a facial attack on the constitutionality of 28 U.S.C. § 1915(g) on access-to-the-courts grounds. Dkt. No. 51, Pl.'s Resp. at pp. 3-5. However, the Second Circuit Court of Appeals has upheld the constitutionality of that

---

[1] The opinion in *Chavis v. Curlee*, written as a Report-Recommendation by the Honorable George H. Lowe, United States Magistrate, and adopted by the Honorable Lawrence E. Kahn, Senior United States District Judge, cites to cases from the Tenth and Seventh Circuit Courts of Appeal for the proposition that a second strike may result from the dismissal of a federal appeal. The Second Circuit has apparently not spoken directly on the issue, but given the clear language in § 1915(g) defining a strike as a frivolous "action *or appeal*,"(emphasis added), counting a frivolous appeal taken from an initially frivolous complaint as another strike, especially when the Plaintiff has been specifically warned that any appeal would be in bad faith, is congruent with the purposes of the PLRA and § 1915(g).

statute, and therefore, Plaintiff's rebuttal is without merit. *See Polanco v. Hopkins*, 510 F.3d 152, 155-56 (2d Cir. 2007) (citations omitted). Finally, with respect to the "imminent danger" exception to the three-strikes rule provided in 28 U.S.C. § 1915(g), the Second Circuit has held that the "exception requires the danger to exist when the complaint is filed or when the underlying events take place." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (citation omitted). There is nothing in the original Complaint, nor the Amended Complaint, to suggest that Plaintiff was facing imminent harm at the time he commenced this action, and furthermore, Plaintiff does not oppose the Defendants' Motion on that ground.

Because Plaintiff has brought three or more actions that were dismissed as frivolous, malicious, and/or for failure to state a claim upon which relief could be granted, and such dismissals occurred prior to the filing of this current action, his Amended Complaint should be **conditionally dismissed** pursuant to 28 U.S.C. § 1915(g) until such time as he pays the entirety of the $350.00 filing fee due.[2]

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's status as proceeding *in Forma Pauperis* be **revoked** because Plaintiff has brought on three or more occasions, actions which have been dismissed under 28 U.S.C. § 1915(g), and because he has not alleged in this action that he is in imminent danger of serious physical injury; and it is further

**RECOMMENDED**; that Plaintiff's Amended Complaint (Dkt. No. 5) be **conditionally**

---

[2] Because the Court finds that these three dismissals count as strikes, we need not consider whether the remaining dismissals referenced by Defendants also constitute strikes.

**dismissed** until such time as Plaintiff has payed the entire $350.00 filing fee; and it is further

**RECOMMENDED**, that if Plaintiff does not submit the $350.00 filing fee **within thirty (30) days** from the date this Report-Recommendation is adopted, his Complaint be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   July 16, 2009
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge